UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILIP B. SUTTON,

                        Plaintiff,

        -against-

COUNTY OF WESTCHESTER JAIL
DEPARTMENT OF CORRECTIONS, et al.,

                        Defendants.

ORDER DENYING REQUEST FOR
PRO BONO COUNSEL

18-CV-01042 (PMH)

PHILIP M. HALPERN, United States District Judge:

The Court is in receipt of *pro se* Plaintiff's third request for the appointment of *pro bono* counsel. (Docs. 66, 67). For the following reasons, Plaintiff's application is denied.

Unlike in criminal proceedings, in civil cases, the Court does not have the power to obligate attorneys to represent indigent *pro se* litigants in civil cases. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Instead, pursuant to 28 U.S.C. § 1915(e)(l), the Court may, at its discretion, order that the *Pro Se* Office request an attorney to represent an indigent litigant by placing the matter on a list circulated to attorneys who are members of the Court's *pro bono* panel. *See Palacio v. City of New York,* 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007). The Second Circuit set forth the standards governing the appointment of counsel in *pro se* cases in *Hendricks v. Coughlin,* 114 F.3d 390,392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.,* 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). These cases direct the district courts to "first determine whether the indigent's position seems likely to be of substance," *Hodge,* 802 F.2d at 61, and then, if this threshold is met, to consider the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper,* 877 F.2d at 172; *accord Hendricks,* 114 F.3d at 392 (quoting *Hodge,* 802 F.2d at 61-62). "Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are

extremely slim," and the Court should determine whether the *pro se* litigant's "position seems likely to be of substance," or shows "some chance of success." *Hodge,* 802 F.2d at 60-61.

In his instant application, Plaintiff repeats the same information raised in his prior application made to Judge Roman.[1] (Docs. 52, 53). Plaintiff notes that he lacks legal knowledge, that he has had learning disabilities and mental health problems since he was a child, and that it is difficult for him to handle his case. However, and Judge Roman noted in his Order denying Plaintiff's second request for *pro bono* counsel (Doc. 65), this action is still in its early stages. At this early stage in the proceedings, there is no indication that Plaintiff's position seems likely to be of substance or that there are particularly complex issues requiring the appointment of *pro bono* counsel. The Court is also unable to determine that Plaintiff is unable to handle this case without assistance, although this conclusion may change as the action continues. The Court notes that there have been no developments in this case since Judge's Roman's Order denying Plaintiff's second request for *pro bono* counsel, except for the reassignment of this matter to me. Therefore, because the Court does not find any circumstances which warrant the appointment of *pro bono* counsel at this time, Plaintiffs application must be DENIED without prejudice to renew it at a later stage in the proceedings.

For the foregoing reasons, Plaintiff's Application for the Court to Request Counsel is denied. Denial of Plaintiff's request is without prejudice to Plaintiff's renewed application later in the case. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Counsel for Defendants is instructed to deliver a copy of this Order to Plaintiff. The Clerk

---

[1] This case was transferred to me on April 3, 2020.

is instructed to terminate the motion. (Doc. 67).

SO ORDERED.

Dated:   New York, New York
         May 22, 2020

                                        _____
                                        Philip M. Halpern
                                        United States District Judge